

# NUMBER 13-18-00048-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

FIRST UNITED
METHODIST CHURCH,                                        **Appellant,**

**v.**

CHURCH MUTUAL INSURANCE
COMPANY, BLAKE MEARS,
ZACHARY PIERCE AND LEADING
EDGE CLAIMS SERVICE,                            **Appellees.**

## On appeal from the 414th District Court
## of McLennan County.

# MEMORANDUM OPINION[1]

**Before Justices Longoria, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Tijerina**

---

[1] This appeal was transferred from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 74.001.

Appellant First United Methodist Church (First United) appeals the trial court's summary judgment in favor of appellee Church Mutual Insurance Company (Mutual), and the denial of its motion for partial summary judgment.[2] By its sole issue, First United contends that the trial court improperly determined that its claim for violation of the Texas Prompt Payment of Claims Act (TPPCA) was not viable because Mutual paid an appraisal award to First United.[3] We affirm in part and reverse and remand in part.

## I. BACKGROUND

A storm damaged property belonging to First United, and it notified Mutual, its insurance company, about the damages. Mutual sent an adjuster to inspect the property, and the adjuster found damages in the amount of $6,361.34. Mutual withheld the applicable deductible, and it paid First United $2,516.86 for the damages. First United disagreed with the payment amount, and it hired an adjuster who calculated the damages in the amount of $89,316.53. Upon receiving a request for a second inspection, Mutual sent another adjuster who found additional damages than the previous adjuster. Accordingly, Mutual paid First United an additional $2,858.01.

---

[2] Although listed on the judgment, Blake Mears, Zachary Pierce, and Leading Edge Claims Service are not parties to this appeal as First United nonsuited them prior to the final judgment.

[3] Originally, by its first and second issues, First United challenged the trial court's summary judgment on the basis that its breach of contract and bad faith claims were viable. However, after the parties filed their original briefs in our Court, the Texas Supreme Court issued an opinion which both parties now agree in supplemental briefing apply to the facts of this cause. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019); *see also Alvarez v. State Farm Lloyds*, 601 S.W.3d 781 (Tex. 2020). In its supplemental brief, First United concedes that, based on the supreme court's precedent, it should not prevail on its original first and second issues regarding its claims for breach of contract and bad faith. Accordingly, we need not address First United's original first two issues, as they are not dispositive of this appeal. *See* TEX. R. APP. P. 47.1.

2

First United sued Mutual for, among other things, violation of the TPPCA. Fifteen months after First United filed its petition, Mutual moved to compel an appraisal. The trial court ordered First United to participate in the appraisal process, and it did. The appraiser agreed that the earlier damages calculations had been incorrect, and the appraiser awarded the additional amount of $24,692.10 on a replacement cost basis and $22,413.86 on an actual cash value basis. Two years after First United reported the damages, Mutual paid First United an additional $22,413.86.

First United filed a motion for partial summary judgment on its TPPCA claim. Mutual filed a cross-motion for traditional summary judgment, asserting that its payment of the appraisal award defeated, among other things, First United's TPPCA claim as a matter of law. The trial court denied First United's motion for partial summary judgment and granted Mutual's motion for summary judgment in its entirety. This appeal followed.

## II. STANDARD OF REVIEW

In a traditional motion for summary judgment, the movant has the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a; *Nixon v. Mr. Prop. Mgmt Co.*, 690 S.W.2d 546, 548 (Tex. 1985). If the movant's motion and summary judgment proof facially establish a right to judgment as a matter of law, the burden shifts to the non-movant to raise a material fact issue sufficient to defeat summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12

3

S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied). When both sides move for summary judgment and one is granted and the other denied, we determine all questions presented and render the judgment the trial court should have rendered. *Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 583 (Tex. 2002).

### III.    TPPCA

Recently, the Texas Supreme Court established in *Hinojos v. State Farm Lloyds*, that a TPPCA claim is not automatically barred if the insurer pays the appraisal value outside of the statutory window. *See* 619 S.W.3d 651, 653 (Tex. 2021); *see also* TEX. INS. CODE ANN. § 542.060. The court explained:

> Chapter 542, subchapter B, imposes liability when an insurance company misses a statutory payment deadline for a documented claim that it owes under an insurance policy. In the statute, the Legislature instructs that the subchapter's provisions be "liberally construed to promote the prompt payment of insurance claims."
>
> When an insurer receives a claim, it has fifteen days to acknowledge its receipt, begin an investigation, and request from the claimant all "items, statements, and forms" that the insurer reasonably believes are necessary to evaluate the claim. Within a further fifteen business days of receiving the "items, statements, and forms," the insurer must inform the claimant, in writing, whether it accepts or rejects the claim. If an insurer accepts the claim, in whole or in part, it has five business days to pay the insured. To enforce these deadlines, Chapter 542 provides that a claimant may recover statutory interest and attorney's fees, in addition to the amount of the claim, when an insurer violates the statute:
>
> if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.
>
> Section 542.060(a), in turn, sets out that interest accrues at 18% per year

4

and assesses attorney's fees against a liable insurer:

> if an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy . . . , in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees.

*Hinojos*, 619 S.W.3d at 653 (internal citations omitted).

## IV. DISCUSSION

The facts here are identical to the facts in *Hinojos*. *See id.* at 654. Mutual initially assessed the claim to be worth $6,361.34; First United objected; Mutual revised its assessment and paid an additional amount toward the claim; appraisers eventually determined that Mutual owed more on the claim than it had paid; and Mutual paid the appraisal amount after the statutory window had passed. *See id.* at 655. Thus, like the insurance company in *Hinojos*, Mutual accepted First United's claim and paid some money toward that claim within the statutory window, and Mutual fully paid the amount that it owed to satisfy the claim after the statutory deadline had passed. *See id.* at 655; *see also Alvarez v. State Farm Lloyds*, 601 S.W.3d 781, 783 (Tex. 2020) (holding that the payment of the appraisal award did not bar the insured's TPPCA claim). The *Hinojos* Court held that the later payment of the appraisal award did not bar Chapter 542 liability. *Hinojos*, 619 S.W.3d at 655. The court explained:

> Nothing in Chapter 542 discharges prompt payment liability based on the partial payment of the amount that "must be paid" under the policy. Otherwise, an insurer could pay a nominal amount toward a valid claim to avoid the prompt payment deadline that the Legislature has imposed. We rejected such a contention in *Republic Underwriters Insurance Co. v. Mex-Tex, Inc.*, holding in that case that an insurer owes interest on the amount

of the claim it did not promptly pay when it makes a partial payment. The phrase "must be paid by the insurer" in the definition of "claim" includes the amount of the claim and "limits 'claim' to the amount ultimately determined to be owed, which of course would be net of any partial payments made prior to that determination." We explained that "[t]his encourages insurers to pay the undisputed portion of a claim early, consistent with the statute's purpose 'to obtain prompt payment of claims made pursuant to policies of insurance.'"

. . . .

By requiring insurers to promptly satisfy claims that they owe in their entirety, the Legislature incentivizes insurers to resolve disputes and invoke the appraisal process sooner rather than later. Although the statute says nothing about reasonableness, a reasonable payment should roughly correspond to the amount owed on the claim. When it does not, a partial payment mitigates the damage resulting from a Chapter 542 violation. Interest accrues only on the unpaid portion of a claim.[4]

A significant delay in requesting an appraisal, as in this case, may cause additional interest to accrue. Although "[a]ccess to the appraisal process to resolve disputes is an important tool in the insurance claim context," it is the insurer's responsibility to seek prompt resolution of a disputed claim through appraisal to avoid statutory interest on amounts that were not promptly paid.

*Id.* at 656–58.

Accordingly, because Mutual did not promptly pay the claim, First United is entitled to interest and attorney's fees as set out by the TPPCA. *See id.* at 658. Therefore, the trial court erred by granting summary judgment on the basis that Mutual complied with the TTCPA as a matter of law. We sustain First United's sole issue.

---

[4] We reject Mutual's argument that First United's TPPCA claim is not viable because its initial pre-appraisal partial payment was reasonable. *See Hinojos v. State Farm Lloyds*, 619 S.W.3d 651, 657 (Tex. 2021).

## IV.  CONCLUSION

We reverse the trial court's judgment regarding First United's TPPCA claim and remand for trial court proceedings consistent with this memorandum opinion, and we affirm the trial court's judgment in all other respects.[5]

JAIME TIJERINA
Justice

Delivered and filed on the
26th day of August, 2021.

---

[5] *See id.* at 658–59 ("This appeal from a summary judgment in State Farm's favor does not address Hinojos's affirmative claim for relief under Chapter 542. To prevail on his claim, Hinojos must establish: (1) the amount for which State Farm is contractually liable under the insurance policy; (2) that State Farm failed to comply with statutory deadlines; and (3) statutory damages based on the amount contractually owed less the amounts paid within the statutory deadline.").